IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRADLEY BUEHLHORN
and LOIS HESS,

Relators,

v.

MARV-O-LUS MANUFACTURING
COMPANY,

Defendant.                                              No. 10-0567-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Doc. 30). Defendant argues that the relators' complaint does not sufficiently allege intent to deceive under the pleading standards of Federal Rules of Civil Procedure 8(a) or 9(b). Plaintiffs oppose the motion (Doc. 33). Based on the following, the Court grants the motion and allows relators to file an amended complaint.

Realtors Bradley Buehlhorn and Lois Hess filed this *qui tam* action against Marv-O-Lus Manufacturing Company pursuant to the False Marking Statute

("FSM"), 35 U.S.C. § 292, alleging that defendant falsely marked various advertising materials with the numbers of two expired patents (Doc. 3).[1] Relators claim that defendant has advertised, marked or caused to be marked certain products with expired patents and continues to do so. Specifically, relators allege that U.S. Design Patent No. 258,186 ("the '186 Patent"), entitled RACK MODULE, issued on February 10, 1981, and expired no later than February 10, 1995. Relators also allege that U.S. Design Patent No. 331,680 ("the '680 Patent"), entitled DISPLAY RACK, issued on December 15, 1992, and expired no later than December 15, 2006. Relators allege that defendant has in the past and continues to falsely advertise and mark (or cause to be marked) products with these expired patents. They allege, upon information and belief, that defendant knew or reasonably should have known that these products are not covered by the expired patents and that defendant falsely marked these products with the expired patents "for the purpose of consciously deceiving the public into believing that is products" are covered by the '186 Patent and the '680 Patent. Relators seek injunctive relief, damages, attorneys' fees and costs.

## II. Analysis

Just last month, the Federal Circuit specifically held that Rule 9(b)'s particularity requirement applies to false marking claims under § 292. *In re BP Lubricants USA Inc.*, Misc. No. 960, 2011 WL 873147, *1 (Fed. Cir. March 15, 2011). The Court held that, under Rule 9(b), "a complaint alleging false marking is

---

[1] Many similar cases have been filed since the United States Courts of Appeals of the Federal Circuit's opinion in *Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009).

insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have know' that the patent expired." *Id*. To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff may plead upon information and belief, the complaint must contain sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind. *Id*. at *3, *citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). To allege the requisite intent to deceive in the § 329 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 2011 WL 873147 at *3, *citing Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)(proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was fraudulent intent").

As to the rebuttable presumption of intent to deceive the public recognized by the Federal Circuit in *Pequignot v. Solo Cup Co.*, 608 F.3d 1365 (Fed. Cir. 2010), the Court in *BP Lubricants* found:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that the relator show "a purpose of deceit, rather than simply knowledge that a statement is false." That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*BP Lubricants*, 2011 WL 873147, at *4, *quoting Pequignot*, 608 F.3d at 1362-62

(internal citations omitted). The Federal Circuit determined that because the relator's complaint "provided only generalized allegations rather than specific underlying facts from which [the Court could] reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *BP Lubricants*, 2011 WL 873147, at *3. "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engage in more than negligent action." *Id*. at *2.

Here, the Court concludes that relators' allegations in this case are insufficient under Rule 9(b). Relators failed to provide any objective indication from which the Court can reasonably infer that defendant knew that the patents were expired. The allegation that "[u]pon information belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws" (Doc. 3, ¶ 22) is a restatement of the general allegation that Defendant knew or should have known that the patents expired. Thus, the Court dismisses without prejudice relators' complaint and allows relators leave to file an amended complaint that comports with the pleading requirements contained in *BP Lubricants*.

### III. Conclusion

Accordingly, the Court **GRANTS in part** defendant's motion to dismiss complaint under Fed. R. Civ. P 12(b)(6) (Doc. 30). The Court dismisses without

prejudice relators' complaint. Further, the Court allows relators leave to file an amended complaint on or before May 9, 2011.

**IT IS SO ORDERED.**

Signed this 12th day of April, 2011.

Digitally signed by David R. Herndon
Date: 2011.04.12 10:39:13 -05'00'

**Chief Judge
United States District Court**