IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRADLEY BUEHLHORN
and LOIS HESS,

Relators,

v.

MARV-O-LUS MANUFACTURING
COMPANY,

Defendant.                                              No. 10-0567-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is plaintiffs' motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 44). Defendant opposes the motion (Doc. 45). Based on the following, the Court grants the motion.

On September 16, 2011, President Barack Obama signed into law the Leahy-Smith America Invents Act. Leahy-Smith America Invents Act, Pub. L. No. 112-29 (125 Stat. 284) (Sep.16, 2011). Part of this new legislation amends 35 U.S.C. § 292, specifically limiting, among other things, who can sue for the penalty authorized by 35 U.S.C. § 292(a) to the United States. *Id.* Prior to the amendment, any person could sue for the penalty. See 35 U.S.C. § 292(b). Now, however, "[o]nly the United

States may sue for the penalty authorized by this subsection." Leahy-Smith America Invents Act, Pub. L. No. 112-29 (125 Stat. 284) (Sep.16, 2011).  Nevertheless, "[a] person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." *Id.*  The new legislation also amended 35 U.S.C. § 292 by adding the following subsection: "(c) The marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section." *Id.*  "The amendments made by this subjection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." *Id.*

Based on the passage of this law, the Court issued a Show Cause Order ordering plaintiffs to show cause why the case should not be dismissed (Doc. 42). In response to the Court's Order, plaintiffs filed a response (Doc. 43) and the motion to voluntarily dismiss (Doc. 44).  Plaintiffs now move to dismiss this case without prejudice pending the resolution of the underlying suit in state court for enforcement of the settlement and argue that the new law does not moot out the pre-existing settlement agreement. Defendant opposes the motion arguing that there is no ground to support dismissal without prejudice as this complaint filed by relators could never be re-filed and that there was no settlement.

Here, the Court finds that dismissal without prejudice is appropriate.  There is nothing in this Act that specifically requires that the dismissal be with prejudice. Thus, the Court **GRANTS** the motion for voluntary dismissal pursuant to Federal

Rule of Civil Procedure 41(a)(2) (Doc. 44).  The Court **DISMISSES without prejudice** this cause of action.  Further, the Court **DENIES as moot** defendant's motion to dismiss (Doc. 37).  The Court will close the file.

**IT IS SO ORDERED.**

Signed this 17th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.17 11:57:25 -05'00'

**Chief Judge**
**United States District Court**